


$40⁰

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BARHAM**<br>261 E. Queen Lane<br>Philadelphia, PA 19144<br><br>            **Plaintiff,**<br><br>            vs.<br><br>**DLG DEVELOPMENT**<br>**CORPORATION**<br>2201 North 53rd Street<br>Philadelphia, PA 19131<br>            and<br>**DALE CONSTRUCTION CO., INC.**<br>70 Limekiln Pike<br>Glenside, PA 19038<br>            and<br>**JAY FERRARO c/o**<br>**DALE CONSTRUCTION CO., INC.**<br>70 Limekiln Pike<br>Glenside, PA 19038<br>            and<br>**PHILADELPHIA HOUSING**<br>**AUTHORITY**<br>12 South 23rd Street<br>Philadelphia, PA 19103<br>            and<br>**ERIC SMITH**<br>**c/o DLG DEVELOPMENT**<br>**CORPORATION**<br>2201 North 53rd Street<br>Philadelphia, PA 19131<br>            and<br>**DAVID GROSS**<br>116 Marley Road<br>Middletown, DE 19709<br><br>            **Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>CIVIL ACTION NO. 17-1538<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

Defendants, Dale Corp. ("Dale"), incorrectly named as Dale Construction Co., Inc. and Jay Ferraro, by and through their undersigned counsel, hereby remove this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1446, *et seq.*, based on the following grounds:

## BACKGROUND

1. On March 9, 2017, Plaintiff Frederick Barham ("Plaintiff") commenced this action as a class action complaint on behalf of himself and others similarly situated against Defendant Dale Corp., incorrectly named as Dale Construction Co., Inc., Jay Ferraro, the Philadelphia Housing Authority ("PHA"), DLG Development Corporation ("DLG"), David Gross, and Eric Smith. A copy of the Complaint ("Barham Complaint"), along with all process in the State Court Action, is attached as Exhibit A.

2. The Barham Complaint asserts the following state law claims: common law breach of contract, Violation of the Pennsylvania Wage Payment and Collection Law (WPCL); Violation of the Pennsylvania Minimum Wage Act (MWA); and a common law tort claim of conversion.

3. As plead, the allegations arise out of the alleged failure of Plaintiff's employer, DLG, to pay Plaintiff and other non-union construction laborer employees the mandated prevailing wage on a project that was performed on behalf of the Philadelphia Housing Authority ("PHA") known as the "Oakdale Project" ("Oakdale").

4. The Barham Complaint alleges that DLG committed the aforesaid violation by making fringe benefit contributions to a union benefit fund on behalf of Plaintiff and other non-union employees.

5. The complaint alleges that Dale Corp. was the entity that contracted with DLG, and as a result, asserts that Dale Corp, as well as PHA, are all equally liable for DLG's purported wage violations.

6. The Barham Complaint purports to assert that "[t]his class action asserts only claims arising under Pennsylvania state law. This class action does not assert any claims arising under Federal law." Exhibit A at ¶2.

7. The Barham Complaint arises out of the exact same set of facts and asserts the same claims (with the addition of a claim for breach of contract) as a previously filed class action commenced by the same attorney for Barham on behalf of another DLG employee, Haroon Ali ("Ali Complaint"), which is currently pending. A true and correct copy of the Ali Complaint is attached as Exhibit B.

8. On March 6, 2017, Barham's counsel produced an expert report in the Ali action in which it is made clear that the claims in both the Barham and Ali actions are based upon federal law, and specifically, the Davis-Bacon Act, 40 U.S.C. § 3142, *et seq.*, which governs the payment obligations of contractors on federally funded construction projects. A true and correct copy of the expert report is attached as Exhibit C.

9. Specifically, the report cites the U.S. Department of Labor Field Operations Handbook ("FOH") Section 15(f)(13) for the proposition that a company violates Davis-Bacon by making fringe benefit contributions to a union benefit fund on behalf of its non-union employees. Exhibit C at p. 11.

10. Furthermore, on March 31, 2017, Barham's attorney filed a motion for class certification in the Ali Action wherein he specifically argues that the commonality prong of the certification test is satisfied based upon DLG's violation of Davis-Bacon by making fringe

benefit contributions to a union fund on behalf of non-union employees. A true and correct copy of the motion for class certification is attached as Exhibit D.

11. Based upon the report produced in the Ali Action, Dale Corp. has filed a Notice of Removal of the Ali Complaint at the same time as filing the instant Notice of Removal.

12. Dale Corp. respectfully submits that the Barham and Ali actions can be adjudicated efficiently if they are consolidated by the Court.

13. Despite Plaintiff's representation that his claims are being raised *only* under state law, it is clear that Plaintiff is using the state law as a mechanism to assert a violation of a federal statute – Davis-Bacon.

## TIMELINESS OF REMOVAL

14. On March 9, 2017, counsel for Dale Corp. and Jay Ferraro received by email a courtesy copy of the Barham Complaint. Counsel was not asked (nor did he volunteer) to accept service of the complaint by email.

15. The removal of this action is timely because it was accomplished within 30 days of the date on which Defendants first received a copy of the Barham Complaint.

## VENUE

16. Under 28 U.S.C. §1441(a), the United States District Court for the Eastern District of Pennsylvania is the proper venue for removal because it embraces the place where this action is pending.

## REMOVAL IS PROPER ON THE BASIS OF FEDERAL QUESTION JURISDICTION

17. Plaintiff alleges that Defendants violated the Pennsylvania Wage Payment and Collection Law, Pennsylvania Minimum Wage Act, committed the common law tort of

4

conversion and common law breach of contract by failing to comply with the Davis Bacon and Related Acts.

19. Although Plaintiff has very deliberately set out to avoid federal question jurisdiction, it is clear from the expert report produced in the Ali Action and the motion for class certification filed in that action that the resolution of the state law claims asserted by Plaintiff in his complaint will necessarily require adjudication of disputed questions of federal law.

19. Furthermore, the Davis-Bacon Act preempts Plaintiff's state law claims. *See Idaho Bldg. and Construction Trades Council v. Island Pacific Chapter of Associated Builders and Contractors*, 801 F.3d 950 (9th Cir. 2009).

20. To the extent that Plaintiff's complaint does allege true questions of state common law or statutory claims, this Court has supplemental jurisdiction over such claims under 28 U.S.C. §1367 because those claims arise out of the same operative facts as Plaintiff's claim related to Defendants' purported violation of the Davis-Bacon Act.

## PROCEDURAL COMPLIANCE AND MISCELLANEOUS ISSUES

21. Dale Corp. has complied with the procedural requirements for removal. In accordance with 28 U.S.C. §1446(a), Dale Corp. has attached copies of all process received by it. *See* Exhibit A. In accordance with 28 U.S.C. §1446(d), Dale Corp. will promptly file a copy of this Notice of Removal with the Prothonotary of the Philadelphia County Court of Common Pleas, and promptly serve a copy of this Notice of Removal upon Plaintiff's counsel.

22. Pursuant to 28 U.S.C. § 1453(b), "a class action may be removed to a district court of the United States . . . . by any defendant without the consent of all defendants."

23. Because Plaintiff has commenced this lawsuit in state court as a class action, as defined by 28 U.S.C. § 1332(d), the unanimity of consent requirement does not apply to this notice of removal.[1]

**WHEREFORE**, Dale Corp. hereby removes the above-captioned action now pending in the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**

Dated: April 5, 2017

/JONATHAN LANDESMAN, ESQUIRE
**JOSHUA A. BRAND, ESQUIRE**
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
Phone: (215) 564-1700
Fax:    (267) 238-4426
Email: jladesman@cohenseglias.com
       jbrand@cohenseglias.com
*Attorneys for Dale Construction Co., Inc. and Jay Ferraro*

---

[1] Notwithstanding, Dale Corp. has obtained the consent of PHA, DLG, and David Gross, which are being filed with this Notice of Removal. It is Dale Corp.'s belief that none of the DLG defendants have been properly served with the complaint in this matter as of the date of the filing of this Notice of Removal in light of the fact that all service has been directed to an address at which DLG does not do business.

## CERTIFICATE OF SERVICE

I, Joshua A. Brand hereby certify that I caused a true and correct copy of the foregoing Notice of Removal to be served upon the following:

Catherine S. Straggas, Esquire
Margolis Edelstein
170 S Independence Mall West
Suite 400 E
Philadelphia, PA 19106
*Via Email*

LAW OFFICES OF THOMAS MORE HOLLAND
Thomas More Holland, Esquire
1522 Walnut Street
Philadelphia, Pennsylvania 19102
(215) 592-8080
*Via Email*

David L Gross
Owner / CEO
DLG Development Corporation.
davidlgross@msn.com
*Via Email*

Joshua A. Brand, Esquire


I, David L. Gross, do hereby consent on behalf of myself and on behalf of DLG Development Corp. to the removal of the matter, *Frederick Barham v. DLG Development Corp. et al.*, No. 170300584, from the Pennsylvania Court of Common Pleas, Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

_____
David L. Gross

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Frederick Barham

### DEFENDANTS
DLG Development Corporation, Dale Construction Co., Inc., Jay Ferraro, Philadelphia Housing Authority, Eric Smith and David Gross

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas More Holland, Esquire - Law Offices of Thomas More Holland, 1522 Locust Street, Grace Hall, Philadelphia, PA 19102
(215) 592-8080

Attorneys *(If Known)*
See Attached

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Davis-Bacon and Related Acts, 40 U.S.C. Section 3142, et seq.

Brief description of cause:
Violation of Davis-Bacon

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
Haroon Ali v. Dale Corp., et al.
JUDGE: Honorable Ramy I. Djerassi
DOCKET NUMBER: 160203712 (Phila. CCP)

DATE: 4/5/17
SIGNATURE OF ATTORNEY OF RECORD

APR -5 2017

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# CIVIL COVER SHEET ATTACHMENT[1]

Jonathan Landesman, Esquire
Joshua A. Brand, Esquire
Cohen Seglias Pallas Greenhall & Furman, P.C.
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
(215) 564-1700

*Counsel for Dale Construction Co., Inc. and Jay Ferraro*

Catherine S. Straggas, Esquire
Margolis Edelstein
The Curtis Center
170 S. Independence Mall West, Suite 400E
Philadelphia, PA 19106
(215) 922-1100

*Counsel for Philadelphia Housing Authority*

---

[1] It is believed that the DLG Defendants have not been properly served in this matter and are unrepresented by counsel.

4332943.1 06367-0020

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**17    1538**

Address of Plaintiff: Frederick Barham - 261 E. Queen Lane, Philadelphia, PA  19144

Address of Defendant: See Attachment

Place of Accident, Incident or Transaction: Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒
*RELATED CASE, IF ANY:* Haroon Ali v. Dale Corp., *et al.*
Case Number: 160203712    Judge Honorable Ramy I. Djerassi    Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Davis-Bacon and Related Acts, 40 U.S.C. Section 3142, *et seq.*

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                          Attorney-at-Law              Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/5/17    _[signature]_    314597    APR -5 2017
                Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

## DESIGNATION FORM ATTACHMENT

Eric Smith c/o
DLG Development Corporation
Address Unknown[1]

Dale Construction Co., Inc.
70 Limekiln Pike
Glenside, PA 19038

Jay Ferraro c/o
Dale Construction Co., Inc.
70 Limekiln Pike
Glenside, PA 19038

Philadelphia Housing Authority
12 South 23rd Street
Philadelphia, PA  19103

David Gross
116 Marley Road
Middletown, DE 19709

---

[1] Plaintiff has directed all service in this matter to the address, 2201 North 53rd Street, Philadelphia, PA  19131. However, Defendants Eric Smith and DLG Development Corporation neither resides or does business at this address.

4333033.1 06367-0020



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| Frederick Barham | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| DLG Development Corporation, et al. | : | 17   1538 |
| Defendants. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 4/5/17 | _[signature]_ | Dale Construction Co., Inc. & Jay Ferraro |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 564-1700 | (267) 238-4427 | jbrand@cohenseglias.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR - 5 2017